IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**KATHRINE ANN SCOTT,**
**ROBERT PERRIN BUTRON, V,**

    **Plaintiffs,**

vs.                                                Case No. 4:05cv246-RH/WCS

**SUWANNEE COUNTY SHERIFF'S**
**DEPARTMENT, et al.,**

    **Defendants.**

                                         /


## REPORT AND RECOMMENDATION

      Plaintiffs, proceeding *pro se*, submitted a civil rights complaint to this Court. Doc. 1. The complaint is unsigned and, thus, may not proceed as submitted. N.D. Fla. Loc. R. 5.1(B)(5). Plaintiffs also submitted an affidavit of indigency, doc. 3, and seek leave to proceed *in forma pauperis*.

      Despite the deficiency noted with Plaintiffs' complaint, review of the document along with the affidavit reveals that Plaintiffs intended to file this action in the Middle District of Florida. Docs. 1, 3. Additionally, Plaintiffs state that their claims arise "out of incidents that occurred in the Suwannee County[,] Florida area, and involves officials, and officers employed by law enforcement agencies with jurisdiction in the Suwannee County area." Doc. 1, pp. 9-10. Thus, because Suwanee County is within the Middle

District of Florida, as are many of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Because it is hereby recommended that this case be transferred rather than dismissed, there is no need for a hearing on this transfer.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv246-RH/WCS